UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR LIONEL SINCO VALE (A-Number: 246-061-042),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents.[1] | No. 1:26-cv-02774-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO RELEASE PETITIONER IMMEDIATELY, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 1, 10 |

Petitioner Edgar Lionel Sinco Vale is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

---

[1] When a habeas petitioner challenges his present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Petitioner filed a notice of change of address on April 24, 2026, noting that he had been transferred to the Central Valley Annex Detention Facility. Doc. 14. The Court "may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a)." *Jones v. Schwarzennegger*, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008); *see also Silveyra v. Moschorak*, 989 F.2d 1012, 1015 (9th Cir. 1993) ("[D]ismissal is not the appropriate remedy where the party is subject to the jurisdiction of the district court. Instead, district courts may order the joinder of such parties pursuant to Fed. R. Civ. P. 19(a)"). The Court therefore joins the warden of the Central Valley Annex as a respondent to this action.

1

On April 23, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition.  Doc. 10.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within ten days after service.  On April 24, 2026, respondents filed objections, objecting "for the same reasons advanced in Respondents' earlier filing."  Doc. 11.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1.  The findings and recommendations issued on April 23, 2026, Doc. 10, are ADOPTED in full.

2.  The petition for writ of habeas corpus is GRANTED.

3.  Respondents are ORDERED to release petitioner Edgar Lionel Sinco Vale (A-Number: 246-061-042) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]

4.  Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

5.  The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 27, 2026

UNITED STATES DISTRICT JUDGE

_____

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

2

3